IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY JO KAULING,
f/k/a Mary Jo Hugo,

Plaintiff,

vs.

Commissioner of Social Security,

Defendant.                                                        No. 14-cv-739-DRH-CJP

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

On June 26, 2014, pro se plaintiff Mary Jo Kauling filed a complaint titled, "complaint for review of a social security decision" (Doc. 1). Plaintiff also filed a motion for leave to proceed in forma pauperis (IFP) (Doc. 3), a motion for recruitment of counsel (Doc. 4), and a motion for service of process at government expense (Doc. 5).

The Court shall first address plaintiff's motion for leave to proceed IFP (Doc. 3). By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous or without merit if the plaintiff cannot make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's motion does not survive § 1915(e)(2) review. Plaintiff's allegations of poverty aside, on the face of her complaint, plaintiff's stated claims are frivolous and/or do not state a claim upon which her requested relief can be granted. Plaintiff's complaint relies on 42 U.S.C. § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to provide the jurisdictional basis of her claims. The sole defendant is listed as the Commissioner of Social Security.

Pursuant to Section 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *See* 42 U.S.C. § 405(g).

Plaintiff's complaint states she seeks review of a claim for, "Disability SSI for 1993-1996." Plaintiff alleges she currently receives $741.00 per month in "SSA Benefits." Specifically, she receives $646.00 in "SS disability income" and $95.00 in "SS supplemental income based on indigency." In 1998, Judge Murphy,

now retired,[1] adopted Magistrate Judge Proud's report and recommendation to reverse and remand the ALJ's decision as to plaintiff. *See Mary Jo Hugo, a/k/a Mary Jo Kauling,* 97-cv-422-GPM (S.D. Ill.). It appears plaintiff alleges she is entitled to a larger amount of benefits per month on the basis of "evidence" that was not before Judge Murphy. Plaintiff requests a "favorable decision to the onset of disability in 1993 and an increase to my social security disability benefit to allow claimant to have tranquility, dignity, and resolution."

Plaintiff wants an increase in her benefits (and perhaps a re-opening of the 1997 case before Judge Murphy). Plaintiff attaches to her complaint a letter dated April 15, 2014, to, "Appeal Council Office of Disability and Review SSA," stating she believes her "income benefit amount is greater than what was calculated for [me] to receive monthly as a worker." A document dated May 1, 2014, which appears to be from "Appeals Council Branch 30" states, "[t]here is no hearing to appeal for this claim" (Doc. 1-1, pp. 5-6).

The Court has reviewed plaintiff's pleadings, exhibits, and motions. On the basis of her voluminous submissions, she has not stated a non-frivolous claim for timely review of a final decision of the Commissioner. Under § 402(g), this Court only has the ability to review a, "final decision of the Commissioner of Social Security made after a hearing to which he was a party." Plaintiff has not alleged a claim which falls within these limited parameters. Further, FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires a "short and plain statement of the claim showing that

---

[1] Plaintiff references Judge Stiehl, now retired. Judge Stiehl was initially the presiding judge over plaintiff's cited case. However, said case was reassigned to Judge Murphy prior to its final disposition.

the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint provides numerous details (and attaches voluminous exhibits) that are wholly unrelated to her requested relief. Plaintiff critically leaves out the few, essential details required of her claim.

For all of the reasons above, the Court **DENIES** plaintiff's motion to proceed in forma pauperis and her motion for service of process at government expense (Docs. 3, 5).[2] Plaintiff's instant complaint is dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2). In light of plaintiff's pro se status, the Court grants her leave to file an amended complaint which complies with this Order, the FEDERAL RULES OF CIVIL PROCEDURE, and the Local Rules of this District, on or before **August 1, 2014.** Plaintiff must re-file her motion for IFP upon the filing of her amended complaint, should she still wish to proceed IFP. **The Court warns plaintiff that should she fail to file an amended complaint by August 1, 2014, the Court shall dismiss this action for failure to prosecute.**

If plaintiff chooses to file an amended complaint, she should leave out of the complaint any information that does not have to do with the social security action she is appealing. Regarding the social security claim, she should tell the Court what action the Social Security Administration took which she is appealing and when it took that action. The plaintiff should also tell the Court why she believes the Social Security Administration was wrong in taking the action that it did. She should also tell the Court what she believes the Social Security Administration

---

[2] Plaintiff's motion for recruitment of counsel shall remain pending until the Court has reviewed plaintiff's amended complaint, should she choose to file one (Doc. 4)

should have done differently and why.  If the plaintiff received a letter from the Social Security Administration notifying her of the action of which she is complaining, plaintiff should attach a **copy** of that letter to her amended complaint.  It is important to remember that the Court and the Social Security Administration need to know exactly what the plaintiff is claiming the Social Security Administration did wrong, not other persons who do not work for Social Security.  If the plaintiff has a legal claim against persons other than Social Security, she will have to deal with those in another claim, or if she has already done so, she will have to be guided by the results therein.

**IT IS SO ORDERED.**

Signed this 2nd day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.02 07:14:27 -05'00'

**Chief Judge**
**United States District Court**