IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY JO KAULING,
f/k/a Mary Jo Hugo,

Plaintiff,

vs.

Commissioner of Social Security,

Defendant.                                          No. 14-cv-739-DRH-CJP

## MEMORANDUM AND ORDER

HERNDON, Judge:

### I.     INTRODUCTION

Before the Court is pro se plaintiff Mary Jo Kauling's motion for recusal (Doc. 13), motion for recruitment of counsel (Doc. 4), motion for magistrate judge review, and motion allow production of the meritorious case to resume without discrimination and delays that burden the plaintiff (Doc. 14). For the reasons that follow plaintiff's motions are **DENIED**.

### II.    BACKGROUND

On June 26, 2014, Kauling filed a complaint for review of a social security decision (Doc. 1). Kauling alleges that the Commissioner of Social Security erred in denying her claim for Supplemental Security Income (SSI) benefits. She seeks a review of the decision pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). Plaintiff also filed a motion for leave to proceed *in*

*forma pauperis* (IFP) (Doc. 3) and a motion for service of process at government expense (Doc. 5). The Court denied plaintiff's motion to proceed IFP and motion for service and dismissed her complaint for failure to state a claim upon which her requested relief could be granted. However, in light of plaintiff's pro se status, the Court granted plaintiff leave to file an amended complaint, and upon doing so, refile a motion to proceed IFP (Doc. 7). In response, plaintiff filed a motion to clarify (Doc. 9). The Court denied the motion and reiterated instructions for plaintiff to file an amended complaint or face dismissal for failure to prosecute (Doc. 10).

Kauling responded by filing a motion for recusal. (Doc. 11) The Court denied the motion based on plaintiff's failure to articulate a valid reason for recusal (Doc 12). Further, the undersigned reaffirmed this Court's impartiality in this matter and clearly stated that no personal bias or prejudice, concerning a party or evidence, exists in this case. *See* 28 U.S.C. § 455.

Plaintiff subsequently moved to recuse the undersigned, once again, alleging personal bias. (Doc. 13). Plaintiff demands recusal by referring to the same email cited in her previous motion. She also offers additional facts in an attempt to support her claim for relief. As a result, the Court construes the motion for recusal (Doc. 13) to include plaintiff's timely filed amended complaint. The Court will address each in turn.

### III.     ANALYSIS

#### a. Motion for Recusal

In plaintiff's pending motion, she requests the undersigned recuse from this action on the grounds of personal bias. Plaintiff previously filed a motion for recusal in this Court citing the same grounds (Doc. 11) that was denied on July 18, 2014 (Doc. 12). Little or nothing has changed since this Court previously concluded recusal was improper. In the motion at issue, plaintiff argues that "Judge Herndon is rejecting her out of discrimination due to an email in April 2014." Kauling offers no new grounds for recusal, instead choosing to rely on the same email referenced in her previous motion. The email concerned a recent case dismissed by District Judge J. Phil Gilbert, *see Kauling v. Fifth District Appellate Court et al.*, 14-cv-00551-JPG-SCW at Doc. 3, in which plaintiff argued it would be "unfair" for the undersigned to preside over her instant case. The Court reiterates that plaintiff's previous email and discrimination complaint had no impact on the rulings of this Court, and will not affect the final disposition of this case. Accordingly, plaintiff's motion for recusal (Doc. 4) is **DENIED** as moot.

#### b. Amended Complaint

Accompanying plaintiff's motion for recusal is what the Court construes as Kauling's amended complaint. Although plaintiff has yet to file a new motion to proceed IFP, it is presumed that she will request pauper status based on her prior motion (Doc. 3) and earlier cases within this district.[1]  As a result, the Court will

---

[1] Plaintiff filed a motion to proceed *in forma pauperis* in every case she filed within this district. See Hugo, et al v. Farmers State Bank, et al, 93-cv-00640-WDS at Doc. 10; *Hugo v. HHS*, 97-cv-

evaluate plaintiff's amended complaint as if a motion to proceed IFP has been filed under 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(e)(2), the Court must screen an indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous or without merit when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this case, plaintiff's motion does not survive § 1915(e)(2) review. The Court has no reason to doubt Kauling's indigence; however, the Court finds her claims are frivolous and the action fails to state a claim upon which her requested relief can be granted. Plaintiff relies on 42 U.S.C. § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), as the jurisdictional basis for her claims against the Commissioner of Social Security.

---

00422-GPM at Doc. 2; *Kauling, et al v. USA*, 98-cv-00452-GPM at Doc. 2; Kauling v. Fifth District Appellate Court et al, 14-cv-00551-JPG-SCW at Doc. 2; Kauling v. McHaney, 14-cv-00551-SMY-SCW at Doc. 2.

Pursuant to § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added).

Plaintiff's claims are untimely under § 405(g), therefore barring judicial review. Kauling's amended complaint alleges that she is entitled to increased SSI benefits each month due to alleged "disabilities that were present in 1993 and continued to progress." Kauling seeks review of a 2001 Appeals Counsel decision alleging that her attorney failed to inform her that mental impairment factored into the decision. Under § 405(g), plaintiff may obtain a review of a decision within sixty days of receiving notice of a final decision, however Kauling is requesting review 13 years later and making claims of ineffective assistance of counsel. Therefore, she fails to satisfy the reviewability requirement set forth under § 405(g).

In addition, Kauling requests review of her 1997 case before Judge Murphy. *See Mary Jo Hugo, a/k/a Mary Jo Kauling v. HHS,* 97-cv-422-GPM (S.D. Ill.). In that case, Judge Murphy, adopted Magistrate Judge Proud's report and recommendation to reverse and remand the administrative law judge's decision as to plaintiff. *Kauling v. HHS,* 97-cv-422-GPM at Doc. 47. Plaintiff had the right to file an appeal to the Seventh Circuit, yet failed to take the requisite steps for

further review. Fed. R. App. P. 4; 42 U.S.C. § 405 (g) ("The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions."). Nevertheless, an appeal of Kauling's 1997 district court case is not within the jurisdiction of this Court.

Plaintiff ultimately demands an increase in her Social Security benefits each month. However, the evidence does not support a claim on which relief can be granted. Prior to dismissal of plaintiff's original complaint, the Court instructed Kauling as to the proper pleading procedures. Specifically, this Court stated:

> "If plaintiff chooses to file an amended complaint, she should leave out of the complaint any information that does not have to do with the social security action she is appealing. Regarding the social security claim, she should tell the Court what action the Social Security Administration took which she is appealing and when it took that action. The plaintiff should also tell the Court why she believes the Social Security Administration was wrong in taking the action that it did. She should also tell the Court what she believes the Social Security Administration should have done differently and why. If the plaintiff received a letter from the Social Security Administration notifying her of the action of which she is complaining, plaintiff should attach a **copy** of that letter to her amended complaint. It is important to remember that the Court and the Social Security Administration need to know exactly what the plaintiff is claiming the Social Security Administration did wrong, not other persons who do not work for Social Security. If the plaintiff has a legal claim against persons other than Social Security, she will have to deal with those in another claim, or if she has already done so, she will have to be guided by the results therein." (Doc. 7).

Following the detailed directions above, the Court continued to warn plaintiff of impending dismissal if she failed to file an amended complaint by

August 1, 2014 (See Doc. 10, Doc. 12). After reviewing plaintiff's pleadings, countless exhibits, and motions, plaintiff still failed to state a non-frivolous claim for timely review of a final decision of the Commissioner. Plaintiff attached numerous exhibits to her pleadings filed in this case, however none satisfy the reviewability requirement set forth under § 405(g).

Under § 405(g), this Court has the ability to review a, "final decision of the Commissioner of Social Security made after a hearing to which she was a party." Plaintiff failed to allege a claim that falls within these limited parameters. Although plaintiff submitted correspondence from 2014 with her initial complaint, the May 1, 2014, response from the Appeals Counsel stated, "[t]here is no hearing to appeal for this claim" (Doc. 1-1, pp. 5-6). That response does not constitute a final decision reviewable by this Court under § 405(g).

When a plaintiff pleads insufficient facts, the Court normally grants leave to replead. In this case, the Court offered Kauling the opportunity to replead, in addition to providing guidance about proper pleading procedures. Plaintiff still failed to state a claim for which relief could be granted. Further, FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Plaintiff's amended complaint still offers numerous details (and attaches countless exhibits) that are wholly unrelated to her requested relief. Therefore, the case must be dismissed for failure to state a non-frivolous claim, as none of plaintiff's claims satisfy the reviewability requirement set forth under 42 U.S.C. § 405(g).

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff Kauling's motion for recusal (Doc 13.) as moot, **DENIES** Kauling's motion for recruitment of counsel as moot (Doc. 4), **DENIES** Kauling's motion for magistrate judge review, and motion allow production of the meritorious case to resume without discrimination and delays that burden the plaintiff as moot (Doc. 14), **DISMISSES** this case for failure to state a claim upon which relief can be granted, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 24th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.24 16:49:06 -05'00'

**District Judge**
**United States District Court**